**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Pete Fuentes,

          Plaintiff,

v.

Planet Fitness,

          Defendant.

No. CV-21-00818-PHX-DLR

**ORDER**

Defendant United PF TOM, LLC d/b/a Planet Fitness United ("Planet Fitness") moves for summary judgment.  (Doc. 58.)  Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Planet Fitness filed its motion on February 17, 2022, and certified that it served Plaintiff Pete Fuentes with a copy that same day.  Under Local Rule of Civil Procedure ("LRCiv") 56.1(d), Mr. Fuentes had 30 days from that date—until March 19, 2022—to respond to the motion.  Mr. Fuentes did not respond.  Instead, on March 18, 2022, Mr. Fuentes filed a document alleging that Planet Fitness did not send him a copy of the motion

for summary judgment until that day.  (Doc. 61.)  The Court construed Mr. Fuentes' filing as a motion for an extension of the response deadline and gave Mr. Fuentes until April 18, 2022, to respond.  (Doc. 64.)  Mr. Fuentes again neglected to do so.  Finally, after a May 5, 2022 hearing regarding several outstanding discovery issues, the Court gave Mr. Fuentes until July 19, 2022, to respond to the summary judgment motion.  (Doc. 73.)  Mr. Fuentes failed to do so.  Because Mr. Fuentes has not responded, the Court deems Planet Fitness' recitation of material facts true.  *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to . . . address another party's assertion of fact, the court may . . . consider the fact undisputed for purposes of the motion"); (Doc. 18 at 4 ("[T]he responding party in its response must carefully address all material facts raised in the motion; and the same for the reply.  Any fact that is ignored may be deemed uncontested.")).  The Court will proceed to analyze whether, based on those undisputed facts, Planet Fitness is entitled to judgment as a matter of law.

During the relevant time period, Mr. Fuentes was a member of one of Planet Fitness' gyms.  In his amended complaint, Mr. Fuentes alleges that, prior to July 31, 2019, a Planet Fitness member told him to "Go back to Mexico," and that he "should go pick cotton," and that another member engaged in "unwelcomed sexual talk" and showed Mr. Fuentes "a photo of another male in his underwear."  (Doc. 1-1 at 21-22.)  On July 31, 2019, Mr. Fuentes alleges he went to Planet Fitness to work out but was denied entry and told to leave because "some employees felt uncomfortable."  (*Id.*)  Based on these allegations, Mr. Fuentes claims "Planet Fitness' management subjected him to discrimination because of his national origin of Mexican and sex, Male."  (*Id.* at 22.)

Mr. Fuentes brings claims under (1) the Arizona Civil Rights Act ("ACRA"), A.R.S. § 41-1442, which prohibits "[d]iscrimination in places of public accommodation against any person because of race, color, religion, sex, national origin or ancestry,"[1] and (2) 42 U.S.C. § 1981, which provides that all people in the United States have the same right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal

---

[1] Mr. Fuentes' amended complaint identifies this claim as arising under A.R.S. § 41-1471 (Doc. 1-1 at 22), but that section merely is an enforcement mechanism for violations of the ACRA.  The Court therefore construes Mr. Fuentes' complaint as alleging that Planet Fitness violated the substantive provisions of the ACRA.

benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]"  (*Id.* at 22-23.)  Both claims are governed by the same analytical framework, under which Mr. Fuentes bears the initial burden of showing that he (1) is a member of a protected class, (2) attempted to contract for certain services, (3) was denied the right to contract for those services, and (4) those services remained available to similarly situated individuals outside of Mr. Fuentes' protected class.  *See York v. JPMorgan Chase Bank*, N.A, No. CV-18-04039-PHX-SPL, 2019 WL 3802535, at *2 (D. Ariz. Aug. 2019); *see Id.* at *4 ("Arizona courts have previously held that the requisite standard for discrimination under [ACRA] is the same as that of section 1981.").  If he makes these showings, the burden shifts to Planet Fitness to proffer a legitimate, non-discriminatory reason for its actions.  *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006).  If Planet Fitness does so, then the burden shifts back to Mr. Fuentes to provide sufficient evidence that Planet Fitness' proffered reason is a pretext for intentional discrimination.  *Id.*

Although the governing analytical framework is the same for both claims, they differ in their scope.  The ACRA covers discrimination on the basis of race, color, religion, sex, national origin, and ancestry. A.R.S. § 41-1442.  Section 1981 is narrower; it "redresses only discrimination based on race."  *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985).  As such, the discrimination claim Mr. Fuentes has alleged— "discrimination because of his national origin of Mexican and sex, Male," (Doc. 1-1 at 22) —is not cognizable under § 1981 because that statute does not cover discrimination based on national origin or sex.  And even if the Court liberally construed Mr. Fuentes' amended complaint as alleging discrimination based on "ancestry or ethnic characteristics," which is cognizable under § 1981, *see Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987), his federal claim still would fail along with his ACRA claim because Planet Fitness has proffered a legitimate, non-discriminatory reason for denying Mr. Fuentes entry to the gym, and Mr. Fuentes has failed to rebut that reason with evidence of pretext.

At the outset, the Court notes that the relevant adverse action here is Planet Fitness' decision to deny Mr. Fuentes entry to the gym. The stray derogatory or sexual remarks that Mr. Fuentes complains of cannot, by themselves, support his discrimination claims absent some connection to the denial of goods or services. *See Childs v. Boyd Gaming Corporation*, No. 2:18-cv-00316-GMN-VCF, 2018 WL 4333945, at *4 (D. Nev. Sept. 11, 2018); *Guy v. City of Phoenix*, 668 F.Supp. 1342, 1351 (D. Ariz. 1987). To survive summary judgment, Mr. Fuentes therefore must proffer evidence that he was denied admittance or services on account of a characteristic protected by § 1981 or the ACRA. Mr. Fuentes cannot make that showing.

Planet Fitness has proffered evidence that six gym employees contemporaneously reported to Planet Fitness that Mr. Fuentes had been harassing them by asking probing questions about their sex lives and making derogatory comments. (Doc. 58 at 130-141.) Although during his deposition Mr. Fuentes denied engaging in this behavior, what matters is not whether Planet Fitness' belief was correct—all that matters is whether its belief was sincere. *See, e.g.*, *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). And here, Mr. Fuentes offers no evidence that Planet Fitness did not sincerely believe based on the contemporaneous accounts of a half dozen employees that Mr. Fuentes was harassing gym employees. Because there is no genuine dispute that Planet Fitness denied Mr. Fuentes admittance to the gym for a legitimate non-discriminatory reason,

**IT IS ORDERED** that Planet Fitness' motion for summary judgment (Doc. 58) is **GRANTED**. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 19th day of August, 2022.

Douglas L. Rayes
United States District Judge