**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pete Fuentes,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Planet Fitness,<br><br>　　　　　Defendant. | No. CV-21-00818-PHX-DLR<br><br>**ORDER** |

Plaintiff Pete Fuentes initiated this lawsuit in Maricopa County Superior Court in December 2020. He accused Defendant United PF TOM, LLC d/b/a Planet Fitness United ("Planet Fitness") of violating state and federal civil rights laws by denying him entry to his local Planet Fitness gym on account of his ancestry and sex. (Doc. 1-1 at 21-24.) Planet Fitness removed the case to this Court based on federal question jurisdiction. (Doc. 1.)

After over a year and a half of litigation, Mr. Fuentes marshaled no evidence substantiating his claims. Planet Fitness moved for summary judgment (Doc. 58) and, despite receiving considerable extensions of time, Mr. Fuentes chose not to respond. The Court entered judgment for Planet Fitness after finding that Mr. Fuentes was denied entry to his gym because a half dozen gym employees had reported to Planet Fitness that Mr. Fuentes had been harassing them by asking probing questions about their sex lives and making derogatory comments. (Doc. 79.)

Planet Fitness now moves for an award of attorney fees and costs. (Doc. 81.) Months have passed, and Mr. Fuentes has chosen not to respond to this motion either.

The Court has discretion to award fees to a prevailing defendant in certain civil rights suits, such as the one Mr. Fuentes brought here, if "the plaintiff's action is frivolous, unreasonable, or without foundation." *Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987). The Court finds such to be the case. Mr. Fuentes failed to present any evidence whatsoever to support his claims, yet he forced Planet Fitness to needlessly incur tens of thousands of dollars in attorney fees defending itself against his groundless accusations. Under these circumstances, Planet Fitness is entitled to an award of its reasonable attorney fees and costs. *See Nguyen v. Regents of the Univ. of Cal.*, 823 Fed. App'x. 497, 503 (9th Cir. 2020) (finding no abuse of discretion where district court awarded fees after the unsuccessful plaintiff failed to produce evidence of a prima facie case despite fourteen months of discovery); *Shah v. Cnty. of L.A.*, 399 Fed. App'x. 305, 307 (9th Cir. 2010) ("Shah's inability to present a single piece of evidence supporting his claims of discrimination and retaliation undermine his assertion that his claims were not frivolous.").

The Court uses the "lodestar" method to assess the reasonableness of attorney fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). To assist the Court in making this calculation, Local Rule of Civil Procedure 54.2 requires a fee application to contain certain supporting documentation, including a task-based itemized statement of attorney fees describing the services rendered. Multiplying the number of hours reasonably expended by a reasonable hourly rate produces a presumptively reasonable fee, which "[t]he district court may then adjust upward or downward based on a variety of factors." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). These factors are sometimes called the *Kerr* factors, after *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67 (9th Cir. 1975). *Id.* at 363 n.8.

Here, the Court finds the hourly rates charged by attorneys Erica Rocush ($205) and Nicholas Walter ($180) and paralegal Andrea Hunter ($90) to be reasonable. (Doc. 81 at 16-18.) Mr. Fuentes has not argued otherwise. Planet Fitness also submitted detailed itemized statements documenting the tasks performed by Ms. Rocush, Mr. Walter, and Ms. Hunter, as well as an itemization of costs. (Doc. 81 at 20-69.) The Court has reviewed these itemized statements and finds the tasks performed to be well documented and reasonable. Again, Mr. Fuentes does not argue otherwise. The result is that Planet Fitness has requested a presumptively reasonable award of $62,388.50 in attorney fees and $3,753.75 in costs.

This brings the Court to the *Kerr* factors. Mr. Fuentes has not argued that any *Kerr* factors warrant a downward reduction, and the Court does not so find. Though the legal questions involved in this case were not novel or difficult and did not require any specialized expertise, counsels' time and labor were reasonable, especially given the often-uncooperative manner in which Mr. Fuentes chose to conduct himself during this case. It is regrettable that Mr. Fuentes forced Planet Fitness to incur these fees only to abandon his case once he had to provide evidence supporting his allegations. But actions have consequences, and Mr. Fuentes cannot expect Planet Fitness to bear the costs of his decision to litigate a factually groundless claim, and Mr. Fuentes—by again choosing not to respond to a motion—has given the Court no reason to deny or downwardly adjust the requested fees.

**IT IS ORDERED** that Planet Fitness' motion for attorney fees (Doc. 81) is **GRANTED**. Planet Fitness is awarded $62,388.50 in fees and $3,753.75 in costs.

Dated this 14th day of August, 2023.

Douglas L. Rayes
United States District Judge