**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pete Fuentes,<br><br>        Plaintiff,<br><br>v.<br><br>Planet Fitness,<br><br>        Defendant. | No. CV-21-00818-PHX-DLR<br><br>**ORDER** |

At issue is Plaintiff's motion for reconsideration of the Court's August 14, 2023, order awarding Defendant its reasonable attorney fees. (Doc. 83.)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.,* 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or

written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The Court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

Plaintiff's motion is denied for two reasons.

First, the motion is untimely. Motions for reconsideration must be filed within 14 days of the date of the order that is the subject of the motion. LRCiv 7.2(g)(2). Plaintiff filed his motion 23 days after the Court entered its attorney fee order.

Second, even if Plaintiff's motion were timely, he has shown neither manifest error nor new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff argues (without supporting evidence, such as an affidavit or a declaration executed under penalty of perjury) that he was not served with the attorney fee motion, but his claim is belied by the certificate of service Defendant submitted with its original motion. (Doc. 81 at 14.) What's more, Plaintiff's claim is reminiscent of his tactics surrounding Defendant's summary judgment motion. After failing to timely respond to Defendant's summary judgment motion (which likewise contained a certificate of service), Plaintiff claimed he had not been served with it. (Doc. 61.) Out of an abundance of caution, the Court extended Plaintiff's deadline to respond (Doc. 64.) Yet, despite having notice of the motion and an extended response deadline, Plaintiff chose to ignore the motion. History, it seems, is repeating itself.

Other than alleging lack of service, Plaintiff argues he has evidence supporting his discrimination claim. Plaintiff does not attach that evidence to his motion, but that is beside the point. The time for Plaintiff to have done so was July 19, 2022—the deadline for him to respond to Defendant's motion for summary judgment. Plaintiff did not respond. He did not proffer evidence supporting his claims then; he does not proffer it now. The time to move for reconsideration of the Court's summary judgment order has long since passed, and Plaintiff's motion fails to establish any basis for the Court to reconsider its attorney fee order.

For these reasons,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 83) is **DENIED**.[1]

Dated this 27th day of September, 2023.

Douglas L. Rayes
United States District Judge

---

[1] In its response to Plaintiff's motion for reconsideration, Defendant includes a one-sentence request for an award of attorney fees incurred in preparing the response. (Doc. 86 at 7.) That request is denied because "it is procedurally improper to include a request for affirmative relief in a response brief." *Meghinasso v. Mercedes-Benz USA*, NO. C17-5930-LK, 2022 WL 226078, at *1 (W.D. Wash. Jan. 25, 2022).